**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

Yeison Antonio Campusa Brea,     )
     )
          Plaintiff,     )     Civil Action No. 6:25-cv-13765-TMC
     )
vs.     )     **ORDER**
     )
     )
Alan Wilson, Hobart Lewis, Leila     )
Foster, James Hudson, General     )
Assembly of South Carolina,     )
     )
          Defendants.     )
     )
_____)

Plaintiff Yeison Brea, a pretrial detainee proceeding *pro se* and *in forma pauperis*, (ECF No. 8), filed this action pursuant to 42 U.S.C. § 1983 while detained at the Greenville County Detention Center, (ECF No. 1). Now before the court is the magistrate judge's Report and Recommendation,[1] recommending the court dismiss this action without issuance and service of process and without leave to amend. (ECF No. 9). Plaintiff filed objections to the Report, (ECF No. 14), and this matter is ripe for review.

**BACKGROUND**

According to the complaint, Plaintiff was arrested on March 11, 2025. (ECF No. 1-1 at 2). The Greenville County Sheriff's Department took a number of Plaintiff's items; however, he claims "nothing was found [that] tied [him] to the" alleged murder for which he was being investigated. *Id*. Plaintiff was denied bond on November 14, 2025, and, while incarcerated, he received notice that he is going to be deported. *Id*. Plaintiff asserts he has "done nothing wrong"

---

[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

1

and insists "the magistrates have been outside their jurisdiction of a Summary Court acting as a[n] Adjunct Hybrid Division Manufacturing Criminality." *Id*. Such assertion rests on the notion, which has been raised in a number of recent cases in this district,[2] that these magistrate judges are not neutral and detached because they share the same address as the law enforcement center. (ECF No. 1-1 at 3-13).

Plaintiff purports to bring claims under 18 U.S.C. § 2235 for "search warrant procured maliciously," under 42 U.S.C. § 1985 for "conspiracy to interfere with civil rights," and the "neutral and detached clause" of the Fourth Amendment. (ECF No. 1 at 5). He also alleges the defendants violated various provisions of the South Carolina Constitution as well as section 17-17-410 of the South Carolina Code. *Id*. As a result of these alleged violations, Plaintiff claims the following injuries: "deprivation of liberty," loss of business and home, "threatened deportation," loss of family, "mental anguish," and that he has been assigned a public defender who has "done nothing" for him. *Id*. at 7. He sets forth the following requests for relief: "42 U.S.C. sec 14141 engaged on the Law Enforcement of the 13th Judicial Circuit," "Injunctive relief for the federal courts to join my state case," "citizenship given to me over the criminal acts by the Greenville SC Sheriffs Dept", and "I want to be shown evidence where the General Assembly gave a injunction to the 13th Judicial Circuit allowing a Hybrid Adjuct Division." *Id*. Though he names South Carolina Attorney General Alan Wilson, Greenville County Sheriff Hobart Lewis, Magistrate Judge Leila Foster, Magistrate Judge James Hudson, and the General Assembly as defendants, the only specific references to any of these defendants in the body of his complaint are that Hobart

---

[2] *Lafoy v. O'Brien*, No. 6:25-cv-10732; *Meredith v. Lipinski*, No. 6:25-cv-9189; *Jackson v. O'Brien*, No. 6:25-cv-7813; *Lindsey v. Simmons*, No. 6:25-cv-7592; *Hudgins-Smith v. Simmons*, No. 6:25-cv-7590; *Robinson v. Keel*, No. 6:25-cv-6747; *Childers v. Bratcher*, No. 6:25-cv-6742; *Morgan v. Kernell*, No. 6:25-cv-6735; *Wilson v. McElrath*, No. 6:25-cv-6092; *White v. Foster*, No. 6:25-cv-4633; *Nicholson v. Simmons*, No. 6:25-cv-4632.

Lewis allegedly serves on the South Carolina Law Enforcement Training Council and that Alan Wilson is an officer of the "executive department." (ECF No. 1-1 at 7).

The magistrate judge issued a Report and Recommendation ("Report"), concluding the case is subject to summary dismissal because Plaintiff cannot allege any set of facts to state constitutional claims as to the named defendants or the issues alleged. (ECF No. 9). The magistrate judge found Defendant Wilson and Defendant Lewis are entitled to dismissal for multiple reasons, including that Plaintiff has failed to allege facts establishing a claim against either defendant for supervisory liability and that the complaint does not allege any facts to suggest Wilson or Lewis were personally involved in the deprivation of Plaintiff's constitutional rights, which the magistrate judge noted is generally required for a § 1983 claim. *Id*. at 6-9, nn. 3 & 4. The magistrate judge determined Defendant Foster and Defendant Hudson have judicial immunity and are entitled to dismissal. *Id*. at 9-10, n.5. Additionally, the magistrate judge determined the General Assembly is entitled to dismissal because, among other reasons, Plaintiff makes no substantive claims against it in his complaint and that it is protected from suit under the Eleventh Amendment. *Id*. at 10-12. In addition to the aforesaid reasons supporting the dismissal of this case, the magistrate judge determined the case is subject to summary dismissal because Plaintiff has not alleged facts to establish a constitutional violation cognizable under § 1983. *Id*. at 12-17. Moreover, the magistrate judge found "Plaintiff's allegations are essentially a challenge to the underlying warrants resulting in his charges and present incarceration" and "are not properly before this Court based on the *Younger* abstention doctrine." *Id*. at 17-19. As such, the magistrate judge recommends the court dismiss the action without issuance and service of process and without leave to amend. *Id*. at 19.

Plaintiff filed objections to the Report, (ECF No. 14), which the court will review in accordance with the standard set forth below.[3]

### STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report **to which a specific objection** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

---

[3] Following the filing of the Report, the court also received what has been docketed as Plaintiff's affidavits. (ECF Nos. 13, 16). Out of an abundance of caution, the court has reviewed and considered the information contained therein as well.

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

As stated, Plaintiff seeks equitable relief in the form of, among other things, an injunction for the "federal courts to join [his] state case." The Fourth Circuit Court of Appeals has set forth the following test to determine when a federal court should abstain from interfering with state criminal proceedings: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings. *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Plaintiff does not object to the magistrate judge's finding that each criterion is met in this instance. Instead, he argues this court should nevertheless intervene

under the bad faith exception to the *Younger* doctrine. (ECF No. 14 at 8). In support of his position, he reiterates the details surrounding his arrest and the search of his home as well as his belief that the magistrate judges who issued the warrants at issue are not neutral and detached. *Id*. at 8-12.

"In 'extraordinary circumstances,' a federal court has the discretion to disregard 'strong federal policy against federal court interference with pending state judicial proceedings.'" *Salartash v. Chaudhry*, No. 3:25-cv-4 (RCY), 2025 WL 711960 at *6 (E.D. Va. Mar. 5, 2025) (quoting *Nivens v. Gilchrist*, 319 F.3d 151, 154 (4th Cir. 2003)). One circumstance justifying federal court intervention is when there has been "'bad faith or harassment' by state officials responsible for the prosecution." *Air Evac EMC, Inc. v. McVey*, 37 F.4th 89, 96 (4th Cir. 2022). "To prevail under the bad faith exception, the [plaintiff] must show 'a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" *Wood v. Olejasz*, No. 1:21-cv-103, 2021 WL 4450270 at *3 (N.D.W. Va. Aug. 10, 2021) (quoting *Suggs v. Brannon*, 804 F.2d 274, 278 (4th Cir. 1986)). "It is Plaintiff's 'heavy burden to overcome the bar' of the *Younger* abstention doctrine by setting forth more than 'mere allegations of bad faith or harassment.'" *Salartash*, No. 3:25-cv-4 (RCY), 2025 WL 711960 at *7 (quoting *Gilbert v. N. Carolina State Bar*, 660 F. Supp. 2d 636, 644 (E.D.N.C. 2009)). *See Erie Ins. Exch. v. Maryland Ins. Admin.*, 105 F.4th 145, 153 n.3 (4th Cir. 2024) (recognizing "'there is no case since Younger was decided in which the Supreme Court has found' the [bad faith] *Younger* exception 'was applicable'") (quoting 17B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4255 (3d ed. 2023)).

First, the court agrees with the magistrate judge that there are ongoing state judicial proceedings that implicate important state interests and that there is an adequate opportunity to raise Plaintiff's constitutional claims in those proceedings. Further, after carefully reviewing Plaintiff's complaint and objections to the Report, the court finds Plaintiff has not met his burden

6

of showing that the state criminal proceedings are being brought in bad faith. Accordingly, the court finds Plaintiff has failed to establish the necessary circumstances justifying the court's intervention in his state criminal proceedings. This objection is overruled.

Plaintiff also objects to the magistrate judge's finding that magistrate judges Hudson and Foster are entitled to judicial immunity. (ECF No. 14 at 3). In doing so, he relies on disciplinary actions inapposite to this case. *See, e.g.*, *In re Looper*, 548 S.E.2d 219, 220 (S.C. 2001) (wherein the South Carolina Supreme Court publicly reprimanded a magistrate judge for, among other things, purchasing multiple vehicles from a dealership owned by the parent of an individual who had charges pending before the judge); *In re Underwood*, 790 S.E.2d 761, 762 (S.C. 2016) (publicly reprimanding a magistrate judge for handling numerous traffic citations, arrest warrants, and bond hearings in Chester County Sheriff's Department cases when the magistrate's spouse was the Sheriff of Chester County); *In re Underwood*, 873 S.E.2d 689, 690 (S.C. 2022) (suspending a magistrate judge for "access[ing] the Sheriff's Department Facebook messages, receiv[ing] citizen complaints, forward[ing] those complaints using her judicial email account, involv[ing] herself in Sheriff's Department personnel matters, and prepar[ing] correspondence on behalf of the Sheriff's department," finding her conduct "blurred the boundaries between her role as an independent and impartial magistrate and someone acting on behalf of the Sheriff's Department").

Here, Plaintiff's claims against these defendants arise from them issuing warrants. Because issuing a warrant is a judicial act within the subject matter jurisdiction of a magistrate judge, and because Plaintiff has set forth no legitimate challenge to Hudson's and Foster's jurisdiction to issue such warrants, the court agrees with the magistrate judge and finds Defendant Hudson and Defendant Foster are entitled to judicial immunity and dismissal from this action. *See Forrester v.*

*White*, 484 U.S. 219, 227 (1988) (explaining the doctrine of judicial immunity "is justified and defined by the functions it protects and serves, not by the person to whom it attaches") (emphasis in original); *Gibson v. Goldston*, 85 F.4th 218, 223 (4th Cir. 2023) (acknowledging that judicial immunity "protects the judicial acts [judges] undertake as part of their public service," and explaining immunity "is absolute" and "not only protects judges from ultimate liability in a case, but also serves as a complete bar to suit"). *See also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (providing "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'") (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Benson v. O'Brien*, 67 F.Supp.2d 825, 831 (N.D. Ohio 1999) (finding "[t]he issuance of a warrant falls within the realm of 'judicial acts'" and that "[b]ecause issuing a warrant is a function normally performed by a judge, absolute immunity should be granted to the judicial defendants" in this case) (quoting *Liffiton v. Keuker*, 850 F.2d 73, 76 (2nd Cir. 1988)).

Plaintiff next objects to the portion of the Report concerning Defendant Wilson. (ECF No. 14 at 4). After referencing various South Carolina authority, Plaintiff concludes "Alan Wilson is to protect the 4th Amendment which says no warrant shall be issued but upon probable cause, supported by a oath or affirmation. But the clear evidence here is a supervisor liability on Attorney General Alan Wilson." *Id*. While the court can at least now confirm Plaintiff's intent to pursue a supervisory liability claim against Wilson, Plaintiff failed to address the magistrate judge's recommendation that Wilson be dismissed because he has immunity or because Plaintiff failed to plead sufficient allegations to state a claim against him in the complaint. Finding no error, clear or otherwise, in the magistrate judge's recommendation, the court adopts it herein and dismisses Wilson from this action. However, even assuming the court could properly consider the new

allegations against Wilson that were raised in the objections,[4] and even if Wilson is not entitled to Eleventh Amendment immunity as the magistrate judge determined, the court would nevertheless find Wilson subject to dismissal because Plaintiff has also failed to allege sufficient facts against Wilson either in the complaint or even in his objections to state a supervisory liability claim against him. *See* (ECF No. 9 at 7) (explaining to Plaintiff that "[t]o establish supervisory liability under § 1983 a plaintiff must allege facts showing: (1) the 'supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury'; (2) the 'supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"'; and (3) there was an 'affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff'") (quoting *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994)). For example, Plaintiff has failed to allege Wilson had actual or constructive knowledge that his subordinates were engaged in conduct that posed a pervasive and unreasonable risk of a constitutional injury. Accordingly, Plaintiff's objections in this respect are overruled.

Similarly, the only specific allegation Plaintiff makes as to Defendant Lewis in his objections is that "Lewis has allowed SC Code 16-17-410 (Conspiracy) [to] be violated by the Magistrates and his deputies." Plaintiff did not address the magistrate judge's recommendation that Lewis is subject to dismissal from this action because Plaintiff failed to allege facts establishing a claim against him for supervisory liability and/or because the complaint does not allege any facts to suggest Lewis was personally involved in the deprivation of Plaintiff's

---

[4] *See Vanzant v. Carolina Ctr. for Occupational Health*, No. 8:14-cv-03725-RBH, 2015 WL 5039302 at *4 (D.S.C. Aug. 25, 2015) (explaining "Plaintiff cannot use his objections to plead new facts not alleged in his complaint"); *Backus v. Cox*, No. 4:13–CV–00881–RBH, 2013 WL 5707328 at *2 (D.S.C. Oct. 18, 2013) (providing "Plaintiff, however, cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant").

constitutional rights. The court finds no clear error in the magistrate judge's recommendation. Moreover, even if the court could properly consider the vague and conclusory allegations against Lewis that were raised in Plaintiff's objections, the court would nevertheless reach the same conclusion as Plaintiff failed to allege facts establishing a supervisory liability claim against Lewis. Accordingly, the court adopts the magistrate judge's recommendation and dismisses Lewis from this case. Plaintiff's objection is overruled.

As to the remaining defendant, the General Assembly, Plaintiff claims in his objections that it "make[s] the laws and allows the laws which is complete evidence they have stationed the Magistrates Court in the Law Enforcement Centers of the 13th Judicial Circuit." (ECF No. 14). He also includes rambling allegations that the General Assembly is infringing on his freedom of speech and his right to the assistance of counsel. *Id*. at 6-7. Plaintiff, however, fails to address the magistrate judge's finding that the General Assembly is entitled to dismissal because he failed to make any substantive allegations against it in the body of his complaint and/or because Plaintiff's claims against the General Assembly are barred by the Eleventh Amendment.  Thus, finding no error, clear or otherwise, in the magistrate judge's recommendation, the court adopts the magistrate judge's recommendation that the General Assembly be dismissed from this action. As such, this objection is overruled.

## CONCLUSION

Accordingly, the court **ADOPTS** the recommendation in the Report (ECF No. 9), and this case is hereby **DISMISSED** without issuance and service of process and without leave to amend. Further, given the court's findings herein, the court **DISMISSES AS MOOT** Plaintiff's motion to suppress the evidence in his underlying state court case and to dismiss the charges pending against

him. (ECF No. 12). This dismissal is without prejudice to Plaintiff's ability to pursue the same

requested relief in the state court where his criminal case is pending.

        **IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
May 4, 2026


## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.